```
                            United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                                 Case No. 18-00188-RNO
Mariana Louise Golphin                                                 Chapter 13
           Debtor
                                   CERTIFICATE OF NOTICE
District/off: 0314-5          User: CGambini                Page 1 of 2         Date Rcvd: Mar 08, 2018
                              Form ID: pdf002               Total Noticed: 40

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 10, 2018.
db             +Mariana Louise Golphin,    285 Sugarbush Road,    Henryville, PA 18332-7175
5012875        +AMCOL SYSTEMS,    111 LANCEWOOD ROAD,    COLUMBIA, SC 29210-7523
5012878         CAPITAL ONE BANK,    PO BOX 30281,    SALT LAKE CITY, UT 84130-0281
5012880        +CEDAR CREST COLLEGE/ECIS,    100 COLLEGE DRIVE,    ALLENTOWN, PA 18104-6196
5012881        +CHILDREN'S HOSPITAL OF PHILADELPHIA,    3401 CIVIC CENTER BLVD,    PHILADELPHIA, PA 19104-4319
5012882         COMENITY BANK,    BANKRUPTCY DEPT,    PO BOX 182125,    COLUMBUS, OH 43218-2125
5012883         COORDINATED HEALTH,    PO BOX 826348,    PHILADELPHIA, PA 19182-6348
5012884         CREDIT FIRST NA,    PO BOX 81083,    CLEVELAND, OH 44181
5029037         Credit First NA,    PO Box 818011,    Cleveland, OH 44181-8011
5012886        +FED LOAN SERVICING CREDIT,    PO BOX 60610,    HARRISBURG, PA 17106-0610
5012888        +FREEDOM MORTGAGE,    10500 KINCAID DR STE 111,    FISHERS, IN 46037-9764
5012887         FREEDOM MORTGAGE,    PO BOX 619063,    DALLAS, TX 75261-9063
5012889         GENESIS FS CARD SERVICES,    PO BOX 4485,    BEAVERTON, OR 97076-4485
5012890        +HAYT HAYT & LANDAU,    TWO INDUSTRIAL WAY WEST,    EATONTOWN, NJ 07724-2279
5012891         HEALTH NETWORK LABORATORIES,    794 ROBLE ROAD,    ALLENTOWN, PA 18109-9110
5012892         HELLER'S GAS,    500 NORTH POPLAR STREET,    BERWICK, PA 18603-1526
5012893        +LEHIGH VALLEY HEALTH NETWORK,    1200 S CEDAR CREST BLVD CUB 2ND FL,
                 ATTN STAFFING OFF. VALERIE KOCHER,    ALLENTOWN, PA 18103-6202
5012894         LENDMARK FINANCIAL SVC,    2118 USHER ST NW,    COVINGTON, GA 30014-2434
5012895         MEDICREDIT INC,    PO BOX 1629,    MARYLAND HEIGHTS, MO 63043-0629
5012898        +PATENAUDE & FELIX APC,    4545 MURPHY CANYON ROAD,    3RD FLOOR,    SAN DIEGO, CA 92123-4363
5012899         PEERLESS CREDIT SERVICES,    PO BOX 518,    MIDDLETOWN, PA 17057-0518
5012900         PENN CREDIT,    PO  BOX  988,    HARRISBURG, PA 17108-0988
5012902         ST LUKE'S PHYS GROUP,    PO BOX 5386,    BETHLEHEM, PA 18015-0386
5012905        +TIMBER HILL COMMUNITY ASSOC,    PO BOX 321,    HENRYVILLE, PA 18332-0321
5018833        +Timber Hill Community Association,    c/o Nicholas Charles Haros, Esq.,    Young & Haros, LLC,
                 802 Main Street,    Stroudsburg, PA 18360-1602
5021514         U.S. Department of Education,    c/o FedLoan Servicing,    P.O. Box 69184,
                 Harrisburg, PA 17106-9184
5012906        +VERIZON,    PO BOX 5029,    WALLINGFORD, CT 06492-7529
5012907        #VERIZON WIRELESS SOUTHEAST,    PO  BOX 26055,    MINNEAPOLIS, MN 55426-0055
5012908         WELLS FARGO DEALER SERVICES,    MAC T9017-026,    PO BOX 168048,    IRVING, TX 75016-8048
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5012876         E-mail/Text: legal@arsnational.com Mar 08 2018 19:10:47       ARS NATIONAL SERVICES,
                 PO BOX 469046,    ESCONDIDO, CA 92046-9046
5012877         E-mail/Text: GenesisFS@ebn.phinsolutions.com Mar 08 2018 19:11:39      BANKCARD SERVICES,
                 PO BOX 4499,    BEAVERTON, OR 97076-4499
5012879        +E-mail/Text: bkr@cardworks.com Mar 08 2018 19:09:58       CARSON SMITHFIELD LLC,    PO BOX 9216,
                 OLD BETHPAGE, NY 11804-9016
5012885         E-mail/PDF: creditonebknotifications@resurgent.com Mar 08 2018 19:12:11       CREDIT ONE BANK,
                 PO BOX 98873,    LAS VEGAS, NV 89193-8873
5012896         E-mail/Text: bkr@cardworks.com Mar 08 2018 19:09:58       MERRICK BANK CORP,    PO BOX 9201,
                 OLD BETHPAGE, NY 11804-9001
5012897        +E-mail/Text: bankruptcydpt@mcmcg.com Mar 08 2018 19:11:05       MIDLAND FUNDING,
                 2365 NORTHSIDE DR STE 300,    SAN DIEGO, CA 92108-2709
5012901         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 08 2018 19:12:26
                 PORTFOLIO RECOVERY,    120 CORPORATE BLVD,    NORFOLK, VA 23502-4962
5026324         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 08 2018 19:12:12
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5013203        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 08 2018 19:40:45
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5012903         E-mail/PDF: gecsedi@recoverycorp.com Mar 08 2018 19:12:22       SYNCHRONY BANK,
                 ATTN BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5012904        +E-mail/Text: bankruptcynotices@cbecompanies.com Mar 08 2018 19:11:18       THE CBE GROUP,
                 1309 TECHNOLOGY PKWY,    CEDAR FALLS, IA 50613-6976
                                                                                               TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                         TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

```
            ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2018                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 8, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              Vincent  Rubino    on behalf of Debtor 1 Mariana Louise Golphin
               epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newman
               williams.com;eapotito@hotmail.com;lbeaton@newmanwilliams.com
                                                                                              TOTAL: 3
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  
**MARIANA LOUISE GOLPHIN**, aka  
Mariana L. Golphin, aka  
Mariana Golphin,  
    Debtor

CHAPTER 13

CASE NO.

 X  ORIGINAL PLAN  
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)  
 0  Number of Motions to Avoid Liens  
 0  Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

     1. To date, the Debtor paid **$ 0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$19,500.00**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **02/2018** | **01/2023** | **$325.00** | **N/A** | **$19,500.00** | **$19,500.00** |
| | | | | | |
| | | | | | |
| | | | | **Total Payments:** | **$19,500.00** |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    (X ) Debtor is over median income. Debtor calculates that a minimum of **$ 0** must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$ 0**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

 X   No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

 ___  Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

2

Case 5:18-bk-00188-RNO    Doc 7    Filed 01/18/18    Entered 01/18/18 12:56:00    Desc
Main Document      Page 2 of 9
Case 5:18-bk-00188-RNO    Doc 23    Filed 03/10/18    Entered 03/11/18 01:07:49    Desc
Imaged Certificate of Notice    Page 4 of 11

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

    A. **Pre-Confirmation Distributions.** *Check one.*

    _X_ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

    | Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
    |---|---|---|
    |  |  |  |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

    2. If a mortgagee files a notice pursuant to Bankr. Rule 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

    B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

    ___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

    _X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

    | Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
    |---|---|---|
    | **Freedom Mortgage** | **Mortgage on Debtor's home** | 8146 |
    | **Wells Fargo Dealer Services** | **Auto loan on 2014 Mitsubishi Outlander** | 0186 |

3

C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence.**
   *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

   _X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Freedom Mortgage** | 1st mortgage on Debtor's home | $5,593.56 | $0.00 | $5,593.56 |
| **Wells Fargo Dealer Services** | Auto loan on 2014 Mitsubishi Outlander | $549.74 | $0.00 | $549.74 |
| **Timber Hills Community Assoc.** | POA dues on Debtor's home | $1,335.48 | $0.00 | $1,335.48 |

D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

   _X_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

   ___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

   1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

   2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for present value interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

   3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

4

Case 5:18-bk-00188-RNO    Doc 7    Filed 01/18/18    Entered 01/18/18 12:56:00    Desc
Main Document    Page 4 of 9
Case 5:18-bk-00188-RNO    Doc 23    Filed 03/10/18    Entered 03/11/18 01:07:49    Desc
Imaged Certificate of Notice    Page 6 of 11

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |

F. **Surrender of Collateral.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below..

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

_X_ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

5

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of **$ 0** already paid by the Debtor, the amount of **$3,500** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      _X_ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ___ The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |

   B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

      _X_ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

6

Case 5:18-bk-00188-RNO    Doc 7    Filed 01/18/18    Entered 01/18/18 12:56:00    Desc
Main Document    Page 6 of 9
Case 5:18-bk-00188-RNO    Doc 23    Filed 03/10/18    Entered 03/11/18 01:07:49    Desc
Imaged Certificate of Notice    Page 8 of 11

___ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 10.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

7

___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Creditor | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ___ plan confirmation.
   ___ entry of discharge.
   _X_ closing of case:


7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).


8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 3,500.00 | |
| Level 3 | Domestic Support Obligations | $ -0- | |
| Level 4 | Priority claims, pro rata | $ -0- | |
| Level 5 | Secured claims, pro rata | $ 7,478.78 | |
| Level 6 | Specially classified unsecured claims | $ -0- | |
| Level 7 | General unsecured claims | $ 6,748.49 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
| | Subtotal | | $17,727.27 |
| | Trustee Commission (Estimated at 8%) | $ 1,772.73 | |
| | Total | | $19,500.00 |

8

*If the above Levels are filled in, the rest of § 9 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

A. This Chapter 13 Plan ("this Plan") provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the estimated Trustee commission rate utilized in the calculations, in addition to all information indicated by the Model Plan.

Dated: <u>January 17, 2018</u>     /s/ Vincent Rubino
                                    Vincent Rubino, Esq., Esquire, Attorney for Debtor

                                    /s/ Marian Louise Golphin
                                    Mariana Louise Golphin, Debtor


                                    None
                                    Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

9